By the Court.
The decision of this case in- ■ volves a construction of Section 5412, General Code:
“Upon receiving such report the county auditor shall fix the total value of the shares of such banks, and the value of the property representing the capital employed by unincorporated banks, the capital stock of which is not divided into shares, each, according to their true value in money, and deduct from the aggregate sum so found, of each, the value of the real estate included in the statement of resources as it stands on the duplicate. Thereupon he shall make and transmit to the annual state board of equalization for 'banks a copy of the report so made by the cashier, manager or owner with the valuation of such shares or property representing capital employed as so fixed by the auditor.”
*79 The real estate of the bank is valued and listed for taxation on the regular real estate tax duplicate of the county under the general laws relating thereto, just as all other real estate is valued and listed. (Section 5409, General Code.) If this particular real estate belonging to the bank is there listed at too high a valuation the law provides a method for securing a proper reduction. This valuation can not be changed or affected by any action taken in the valuation of the shares of stock in the bank.
The provision requiring the deduction from the aggregate valuation of the shares of stock of the value of the real estate included in the statement of resources as it stands on the duplicate is for the purpose of preventing double taxation on that part of the resources invested in real estate, on ■which taxes are paid as such.
The bank can carry this real estate upon, its books at such value as it may deem proper, but if that amount is less than the amount which •stands on the tax duplicate, then to the extent of such excess it is not included in the statement of resources. The deduction to he made is the value on the duplicate, which is included in the statement of resources.
In this case it can be seen that' if the total resources of $126,180 include real estate of only $20,000 in actual value, then there must be $106,180 in other assets instead" of $101,100 as fixed by the auditor, and the tax commission was justified in increasing that valuation. The deduction of $25,080, the. full value of the real estate as it stands on the duplicate, from the total re *80 sources as returned by the bank, unless' such increase is made, would decrease the valuation of such other 'assets $5,080, which would not be authorized by law.
The value of the real estate for the purposes of taxation has been fixed by the agencies provided by law at more than $20,000, to-wit $25,080, and, if that amount is to be deducted in fixing the valuation of the bank shares on which stockholders are to be taxed, at least that amount must appear in the statement of resources.
The action of the tax commission in increasing the valuation of the assets of the bank so that they would include the full value of the real estate as it stands on the duplicate, which is the amount deducted in fixing the value of the shares, was in accordance with*the facts and the law.
The relief prayed for by plaintiff must therefore he denied and the petition dismissed.

Petition dismissed.

Jones, Gorman and Hamilton, JJ., concur.